TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-1214 |
| of | : | |
| | : | April 27, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE BRUCE McPHERSON, MEMBER OF THE CALIFORNIA SENATE, has requested an opinion on the following question:

May the governing board of a high school district refuse to use school funds to pay for the annual cleaning and repair of football equipment if the athletes and their parents have privately raised funds to cover these expenses?

CONCLUSION

The governing board of a high school district may refuse to use school funds to pay for the annual cleaning and repair of football equipment if the athletes and their parents have privately raised funds to cover these expenses so long as the raising of such private funds is voluntary; otherwise, the district would have the duty to pay for these annual expenses if it maintains a football program.

ANALYSIS

We are informed that high school districts often have "booster clubs" comprised of parents of students and supporters of a school's extracurricular activities. Donations are solicited by the clubs to fund a wide variety of after-school programs, such as athletic events and the school band.

The question presented for resolution is whether a high school district may refuse to use school funds to pay for the cleaning and repair of football equipment if the students and their

parents have raised the necessary funds to pay for these expenses. We conclude that as long as the private funds are raised voluntarily, the school district would not have to pay for these expenses with school funds.

Four statutes govern the payment of expenses in providing football equipment for a school's athletic program. Education Code section 17578 **Footnote No.1** provides:

"The governing board of each district maintaining a high school shall provide for the annual cleaning, sterilizing, and necessary repair of football equipment of their respective schools pursuant to Sections 39614 and 39616." **Footnote No. 2**

Section 17579 states:

"All football equipment actually worn by pupils shall be cleaned and sterilized at least once a year. Football equipment used in spring training shall be cleaned and sterilized before it is used in the succeeding fall term."

Section 17580 provides:

"Any contract with a dealer or craftsman for the repair of football equipment belonging to the district or the state college shall specifically state or describe the materials to be used by the dealer or craftsman in repairing such equipment."

Section 17581 states:

"(a) The Legislature finds and declares that the quality of protective equipment worn by participants in high school interscholastic football is a significant factor in the occurrence of injuries to such participants and that it is therefore necessary to insure minimum standards of quality for the equipment in order to prevent unnecessary injuries to such participants.

"(b) No football helmets shall be worn by participants in high school interscholastic football unless the equipment has been certified for use by the National Operating Committee on Standards for Athletic Equipment or any other recognized certifying agency in the field.

"This section shall not be construed as relieving school districts from the duty of maintaining football protective equipment in a safe and serviceable condition."

In interpreting these statutory provisions, we rely upon well settled rules of statutory interpretation. "The overriding objective of statutory construction is to ascertain and effectuate legislative intent." (*Larson* v. *State Personnel Bd.* (1994) 28 Cal.App.4th 265, 276.) "In doing so we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent." (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) The words are to be given "their usual and ordinary meaning." (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.)

Applying these principles, we find that section 17578 requires a school district to "provide for" cleaning and repair of football equipment on an annual basis. In *Mosk* v. *Superior Court* (1979) 25 Cal.3d 474, 493, the court stated: ". . . The words 'provide for' are generally used to mean 'to take precautionary measures' or 'to make a proviso' or 'to supply or furnish' in view of a possible need. [Citations.]" In *County of Madera* v. *Superior Court* (1974) 39 Cal.App.3d 665, 670, footnote 3, the court noted that "'[t]he . . . general term "provide" is used when it is intended not to require action by the named authority itself; in other words, it permits the delegation of the function to others.' [Citation.]" (See 63 Ops.Cal.Atty.Gen. 151, 152 (1980); 62 Ops.Cal.Atty.Gen. 32, 33 (1979).)

Accordingly, a high school district may "provide for" the cleaning and repair of football equipment without using school funds when donations are voluntarily given to cover such expenses. The "voluntariness" of the donation is the critical factor in resolving the question presented. The Constitution requires public schools to be "free" (Cal. Const., art. IX, § 5), and this includes not only activities that are essential to a school's curriculum but also extracurricular activities such as music and sports activities. (See *Hartzell* v. *Connell* (1984) 35 Cal.3d 899, 905, 911; *California Assn. For Safety Education* v. *Brown* (1994) 30 Cal.App.4th 1264, 1276-1280.)

Moreover, California Code of Regulations, title 5, section 350 states: "A pupil enrolled in a school shall not be required to pay any fee, deposit or other charge not specifically authorized by law." The authority to charge a fee for the cleaning and repair of football equipment is not specifically provided by law.

Finally, we note that a high school district is under no statutory obligation to support a football program. If school funds are unavailable for the cleaning and repair of football equipment on an annual basis, the district is not required to spend its funds to operate such an extracurricular activity.

We conclude that the governing board of a high school district may refuse to use school funds to pay for the annual cleaning and repair of football equipment if the athletes and their parents have privately raised funds to cover these expenses on a voluntary basis; otherwise, the district would have the duty to pay for these expenses if it maintains a football program.

\* \* \* \* \*

**Footnote No. 1**
References to the Education Code are by section number only.
**Footnote No. 2**
Sections 39614-39617 were recently repealed and reenacted as, respectively, sections 17578-17581. Government Code section 9604 provides:

"When the provisions of one statute are carried into another statute under circumstances in which they are required to be construed as restatements and continuations and not as new enactments, any reference made by any statute, charter or ordinance to such provisions shall, unless a contrary intent appears, be deemed a reference to the restatements and conditions."